## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| NEIDRE N. TATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-cv-1225 |
| | ) |
| PEORIA POLICE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

## O P I N I O N and O R D E R

Before the Court is the Motion for Leave to Proceed in forma pauperis filed by Plaintiff, Neidre N. Tate, on July 19, 2010 (Doc. 2).  The Motion is DENIED.

Title 28 U.S.C. § 1915(a)(1) provides that a person may proceed with a lawsuit without the prepayment of filing fees if she provides an affidavit showing that she is unable to pay such fees.

Plaintiff filed an affidavit along with her Motion in which she states, under oath, that she makes $32,700.00 per year (although she does not provide an employer name or address), that she receives $109.00 in rental assistance, and $300.00 in child support, presumably per month.  She also avers that she has no cash in a checking or savings account, that she owns no things of value, and that she has five dependents.  Plaintiff states that she has student loans and that she pays for utilities and transportation (although she does not specify the amount).

This Court found the Affidavit to be incomplete and directed Plaintiff to complete a more detailed affidavit by an Order dated July 22, 2010.

Plaintiff submitted a second affidavit on July 28, 2010.  In this second affidavit, which she neither signs nor dates (as directed by the form), Plaintiff

acknowledges that she receives $109.00 in rental assistance and $300.00 in child support. However, she additionally states that she receives $952.00 in food stamps. This amount was not included in her first affidavit. Plaintiff further states that she was employed by AFNI from August 2005 to "2/07/," a notation that does not represent a clear end date; and, she does not state her monthly gross pay. She goes on to states that she has $5.00 in a savings account and that she owns a 1998 Dodge Durango that is worth less than $3000.00. In her first affidavit, she states that she had no savings and affirmatively indicated that she owned no vehicle. Finally, Plaintiff states in her first affidavit that she owes student loans, but does not indicate in her second affidavit that she either owes such monies or the amount of such debt. Finally, Plaintiff states that she has paid or will pay an attorney for services in connection with this case.

  This Court finds that Plaintiff's contrary affidavits are not credible. Plaintiff states both that she does and does not have a job, she lists different debts, she lists different assets, and she indicates that she is paying (or will pay) an attorney for work performed in this case. In light of these inconsistencies and representations, this Court further finds that the allegations of poverty are untrue.

  Pursuant to 28 U.S.C. § 1915(e)(2)(A) this matter is DISMISSED WITH PREJUDICE.

Entered this 29th day of July, 2010

            s/ Joe B. McDade
            JOE BILLY MCDADE
            United States Senior District Judge